IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| William McMurray, | ) | |
| | ) | Civil Action No. 1:12-cv-01448-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| Warden Robert Bollinger, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 25], filed on November 30, 2012, recommending that Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] be dismissed for failure to prosecute. Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. Respondent replied with a Motion for Summary Judgment [Dkt. No. 15], filed on September 26, 2012. The Report set forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-271 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

A Text Order [Dkt. No. 28], ("Order"), issued on April 23, 2013, advised Petitioner of his right to file objections to the Report within fourteen (14) days of the date of service of the Order. The objections to the Report were due by May 7, 2013; however, Petitioner filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Magistrate Judge's Report and Recommendation, and the record in this case, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case and the record in this case. The court **ACCEPTS** the Report and Recommendation [Dkt. No. 25]. For the reasons articulated by the Magistrate Judge, it is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice for failure to prosecute.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

>(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

Greenville, South Carolina
May 17, 2013